**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUNIOR A. PORTER,

      Plaintiff,                        Civil No. 2:17-CV-10556
                                              HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

FELISHA RICE, et. Al.,

      Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. Introduction**

Junior A. Porter, ("Plaintiff"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

**II. Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

1

*Porter v. Rice, et. al.,* 2:17-CV-10556

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

*Porter v. Rice, et. al.,* 2:17-CV-10556

### III. Complaint

Plaintiff claims that in December of 2013 he was incarcerated at the Kinross Correctional Facility. Plaintiff was introduced to a fellow inmate, defendant Raymond Presley. Plaintiff sought legal advice from Mr. Presley regarding a criminal appeal. Mr. Presley introduced plaintiff to defendant Ms. Felisha Rice, who held herself out as an attorney. Both defendants indicated that they had a working relationship with attorney Lisa Draznin and advised plaintiff to have his mother contact Ms. Draznin about representing plaintiff. Plaintiff's mother allegedly called Ms. Draznin, who offered to represent plaintiff at a discounted fee because of her prior relationship with Ms. Draznin. Plaintiff instructed his mother to wire $ 15,000.00 to Ms. Rice's bank account.

Two weeks later, plaintiff was advised by Ms. Rice that she would need a power of attorney signed by plaintiff so that she could use his social security number for the retainer account. Plaintiff provided Ms. Rice with the power of attorney.

In December of 2014, plaintiff was transferred to another facility in Kinross. Plaintiff was moved in March of 2015 to the Cotton Correctional Facility. Plaintiff asked his mother to contact Mr. Presley on J-Pay service to ask what was happening with the legal services that they had paid the retainer for. Mr. Presley allegedly became abusive to plaintiff's mother.

*Porter v. Rice, et. al.,* 2:17-CV-10556

Plaintiff had his mother request the return of the $ 15,000.00 retainer. This money has not been refunded. Plaintiff says that Mr. Presley has also made veiled threats to him while they were incarcerated together.

Plaintiff has since learned from the Attorney Grievance Commission that Ms. Rice is not a lawyer.

Plaintiff claims that Mr. Presley and Ms. Rice conspired to defraud him and his mother of their money.

## IV. Discussion

The complaint must be dismissed because the defendants are private persons.

In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(internal citations omitted).

An an inmate is not considered a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983. *See Nobles v. Brown*, 985 F. 2d 235, 238 (6th Cir. 1992)(prison guard who was taken captive and raped by an inmate could not show breach of the due process clause for purposes of civil rights claim; it was not prison officials who took the guard captive and assaulted her, it was an inmate, and the inmate was not acting under color of

4

*Porter v. Rice, et. al.,* 2:17-CV-10556

state "statute, ordinance, regulation, custom, or usage"); *See also Goodell v. Anthony,* 157 F. Supp. 2d 796, 801 ((E.D. Mich. 2001)(allegations that state prison inmate's cellmate caused the inmate's typing paper to be confiscated by prison officials by telling prison officials that another cellmate had concealed weapon in the cell did not demonstrate that cellmate was acting under color of state law, as required to state cognizable claim under § 1983).

Likewise, Ms. Rice as a private individual cannot be liable under § 1983 for defrauding plaintiff or his mother, in the absence of any allegation that she was acting under color of state law. *See e.g. Font v. Dapena Yordan,* 763 F. Supp. 680, 683, n. 3 (D.P.R. 1991).

Plaintiff is thus unable to maintain a civil rights action against the defendants in federal court. The Court dismisses plaintiff's complaint because it fails to state a claim upon which relief can be granted.

### V.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1, filed January 26, 2017]** is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

|  |  |
|---|---|
| Dated: March 27, 2017 | S/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |

*Porter v. Rice, et. al.,* 2:17-CV-10556

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 27, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant